IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHANNA CAPRICE CORNELIOUS,

    *Plaintiff*,

    v.                             Civil Action No. ELH-12-1575

BOB EVANS FARMS, LLC,

    *Defendant*.

**MEMORANDUM**

Channa Caprice Cornelious, the self-represented plaintiff, sued her former employer, Bob Evans Farms, LLC ("Bob Evans"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*[1] She alleges retaliation and wrongful termination on the basis of race, religion, and sex. According to plaintiff's Charge of Discrimination (ECF 1-1), which she submitted along with her Complaint (ECF 1),[2] she was hired as a line cook at a Bob Evans restaurant in Belair, Maryland in May 2010. Charge of Discrimination at 1. Plaintiff, who is African-American and a member of the Christian faith, claims that she was subjected on numerous occasions to racial epithets and other harassment on the basis of race, sex, and religion by various co-workers. *Id.* She further alleges that she complained to management at the restaurant

---

[1] Plaintiff originally sued Bob Evans Farms, Inc. While suit was pending, the defendant reorganized itself as Bob Evans Farms, LLC, and the Court granted defendant's motion to substitute the party defendant and amend the case caption. *See* ECF 24 & 29. References in this Memorandum to "Bob Evans" include either or both corporate entities, as appropriate.

[2] On July 29, 2010, plaintiff submitted her Charge of Discrimination to the Maryland Commission on Human Relations ("MCHR") and the federal Equal Employment Opportunity Commission ("EEOC"). Submission of a charge of discrimination to the EEOC and/or a state employment discrimination enforcement agency, such as the MCHR, is a condition precedent to suit under Title VII. *See* 42 U.S.C. § 2000e-5(e)(1). After plaintiff's Charge of Discrimination was filed, the MCHR was renamed the Maryland Commission on Civil Rights. *See* 2011 Md. Laws, ch. 580.

about this conduct, but that management did not address the issues. *Id.* Shortly thereafter, in July 2010, she was suspended without pay for five days and ultimately discharged from employment on July 28, 2010, supposedly on the basis that she "provok[ed] a fight." *Id.* Plaintiff maintains that this accusation was false and that similarly situated non-black co-workers who were involved in the same incident or similar incidents were not subjected to discipline. *Id.*

Defendant filed an Answer (ECF 10), denying liability. Accordingly, the Court issued a Scheduling Order (ECF 16), permitting the case to proceed to discovery. *See* Local Rule 104.4. Less than a week before the original deadline for completion of discovery, defendant filed a motion to extend the discovery period (ECF 19), as well as a "Motion to Compel Discovery" (ECF 20), in which defendant asserted that plaintiff had failed to respond to its request for production of documents and had provided an incomplete and tardy response to its interrogatories. Moreover, defendant claimed that plaintiff had not otherwise responded to any of its counsel's repeated attempts to contact her in writing and by telephone regarding discovery. The Court extended the discovery period and referred the case to Magistrate Judge Beth P. Gesner for resolution of all discovery and related scheduling matters. *See* ECF 21 & 22. Judge Gesner issued two Orders (ECF 23 & 28) directing plaintiff to provide responses to defendant's discovery requests, but defendant claims that plaintiff still has not provided discovery responses.

Accordingly, defendant filed a "Motion to Dismiss with Prejudice for Failure to Prosecute" ("Motion") (ECF 30), which is now pending. Plaintiff has not filed a response to the Motion, and the time for her to do so has expired. *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(d).[3]

---

[3] Plaintiff was advised, pursuant to the dictates of *Roseboro v. Garrison*, 526 F.2d 309 (4th Cir. 1975), that the Motion was filed, that she was entitled to respond to it, and that her

In its Motion, defendant has provided a detailed chronology, supported by the record, of its attempts to obtain discovery from plaintiff.  It recounts, Motion at 2-4 (citations omitted):

- Plaintiff initiated this lawsuit against Bob Evans . . . on May 25, 2012.

- On September 24, 2012, . . . Bob Evans served its First Set of Interrogatories and First Request for Production of Documents on Plaintiff.

- On November 9, 2012, Counsel for Bob Evans attempted to contact Plaintiff by phone and left a voicemail message informing her that Counsel needed to speak with her regarding the outstanding discovery and the case.  Plaintiff did not respond.

- On November 10, 2012, Counsel for Bob Evans sent a letter to Plaintiff informing her that her responses were overdue, but that Bob Evans would allow an additional two weeks, until November 23, 2012, for her responses.  Plaintiff did not respond.

- On November 29, 2012, Counsel for Bob Evans attempted to contact Plaintiff by phone and left a voicemail message informing her that Counsel needed to speak with her regarding the outstanding discovery and the case.  Plaintiff did not respond.

- On November 30, 2012, Counsel for Bob Evans received an overnight package from Plaintiff, postmarked after Counsel's voicemail, which included incomplete handwritten responses to Bob Evans' First Set of Interrogatories, but no response to Bob Evans' First Request for Production of Documents.

- On December 4, 2012, Counsel for Bob Evans filed a motion to compel responses to the First Request for Production of Documents.

- On December 6, 2012, an individual claiming to be Plaintiff emailed Counsel, from an unverified account named claudethompson33@gmail.com, stating that she was working on hiring counsel and would "take care of this as soon as possible."

- On December 20, 2012, Counsel for Bob Evans sent Plaintiff a letter outlining the many deficiencies in her interrogatory responses and requesting complete responses on or before January 9, 2013.

- On January 3, 2013, the Court filed a Letter Order stating that Plaintiff must serve responses to the First Request for Production of Documents by January 18, 2013.

---

failure to respond could result in dismissal of her claim or entry of judgment against her.  *See* ECF 33.

- On January 11, 2013, having received no further response from Plaintiff regarding the deficiencies in her interrogatory responses, Bob Evans served Plaintiff with a Motion to Compel Responses to Defendant's First Set of Interrogatories.  To date, Plaintiff has not responded in any way to Bob Evans' Motion.

- On January 15, 2013, Counsel for Bob Evans attempted to contact Plaintiff by phone and left a voicemail message informing her that Counsel needed to speak with her regarding the outstanding discovery and the case.

- On January 16, 2013, Counsel received another email, presumably from Plaintiff, from claudethompson33@gmail.com stating that she was scheduled to speak with an attorney on January 25th if Bob Evans would allow her to "make this meeting."   In light of the Court's outstanding Letter Order, Counsel responded that it was not authorized to grant an extension.

- On January 17, 2013, Counsel for Bob Evans attempted to contact Plaintiff by phone and left a voicemail message informing her that Counsel needed to speak with her regarding the outstanding discovery and the case.  Plaintiff did not respond.

- Contrary to the Court's January 3, 2013 Letter Order, Counsel for Bob Evans did not receive Plaintiff's responses to Bob Evans' First Request for Production of Documents by January 18, 2013.

- On January 21, 2013, Counsel for Bob Evans attempted to contact Plaintiff by phone and left a voicemail message informing her that Counsel needed to speak with her regarding the outstanding discovery and the case.  Plaintiff did not respond.

- On January 23, 2013, Counsel for Bob Evans filed an informal letter with the Court requesting intervention in regard to Plaintiff's non-response to the January 4, 2013 Letter Order.

- On January 24, 2013, the Court filed a Letter Order stating that Plaintiff must serve responses to the First Request for Production of Documents by February 6, 2013.  The Letter Order notified Plaintiff that "continued non-compliance with the court's orders will result in the imposition of sanctions, which could include dismissal of your case."

- On January 26, 2013, Plaintiff contacted Counsel for Bob Evans to inform them that she had met with counsel but remained unrepresented.  Plaintiff also made a settlement demand.

- On January 30, 2013, Counsel for Bob Evans spoke with Plaintiff via telephone to inform her that Bob Evans had rejected her settlement demand and would continue to defend the case.

- Contrary to the Court's January 24, 2013 Letter Order, Counsel for Bob Evans did not receive Plaintiff's responses to Bob Evans First Request for Production of Documents by February 6, 2013. To date, Plaintiff has not produced a single document in response to Bob Evans' discovery requests.

In light of this history, defendant seeks involuntary dismissal of plaintiff's claims on the merits, pursuant to Fed. R. Civ. P. 41(b). That rule states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, the rule provides that, "[u]nless the dismissal order states otherwise," a dismissal under the rule "operates as an adjudication on the merits." *Id.*

"Dismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998). Only "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). "While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. 'Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.'" *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (citation omitted).

In order to evaluate whether dismissal under Rule 41(b) for failure to prosecute is appropriate, the Fourth Circuit has articulated a four-factor test: a court must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990).

As to the first factor, a "dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior." *Id.* In this case, plaintiff is self-represented. "Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with . . . procedural rules 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N.C. at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F.2d 93, 94 (4th Cir. 1989)). Because plaintiff is representing herself, she is responsible for compliance with rules of court and for prosecution of her case. *See, e.g.*, *Arnett v. Prince George's County*, Civ. No. AW-02-3861, 2004 WL 3313218, at *2 (D. Md. July 29, 2004) (dismissing for lack of prosecution under Rule 41(b) where, among other factors, "the Plaintiff is proceeding *pro se*, and thus, is solely responsible for the delay that has been caused in his case").

As to the second factor, plaintiff submitted partial answers to defendant's interrogatories, *See* Ex.6 to Motion (ECF 30-6) (answers to interrogatories); *see also* Ex.7 to Motion (ECF 30-7) (letter to plaintiff from defendant's counsel identifying deficiencies in answers to interrogatories). However, plaintiff's response to the interrogatories was incomplete and inadequate. Perhaps more important, plaintiff has not provided any response at all to defendant's request for production of documents, despite Judge Gesner's orders. "'The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available.'" *Adams v. Md. Mgmt. Co.*, Civ. No. WDQ-11-2408, 2013 WL 142074, at *2 (D. Md. Jan. 10, 2013) (citation omitted). Failing to provide any response to defendant's request for production of documents, necessitating extensions of the discovery deadline, is undoubtedly prejudicial to defendant.

The third and fourth *Hillig* factors weigh less heavily against Ms. Cornelious.  Plaintiff has not exhibited a history of repeated contumacious conduct, intentional evasion, or abuse of the Court's processes.  Rather, she has simply failed to respond to defendant's discovery requests. Moreover, other than warnings as to the possibility of case-dispositive sanctions in Judge Gesner's recent orders, no lesser sanction than dismissal has been considered or imposed at any prior point in this case.

Nevertheless, in the face of plaintiff's near-wholesale failure to respond to the defense's discovery requests or otherwise to prosecute the action, the case simply cannot proceed. Moreover, plaintiff has not contacted the Court or engaged in meaningful dialogue with defense counsel in an attempt to resolve the outstanding discovery issues, so as to establish a time frame for responses to discovery requests that could allow the case to be litigated.

Under the circumstances, and mindful of plaintiff's self-represented status, I conclude that dismissal, *without prejudice*, and holding out one final opportunity for plaintiff to comply with her discovery obligations, is the appropriate resolution of this issue.  Accordingly, in the Order that follows, I will dismiss the action, without prejudice, provided that plaintiff may file, within 28 days, a motion to reopen the matter.  Any such motion to reopen must be accompanied by a certification stating that plaintiff has served on defendant responses to defendant's request for production of documents and revised answers to defendant's interrogatories.  Defendant will be entitled to oppose any such motion, pointing out any deficiencies it asserts in plaintiff's discovery responses.

If plaintiff does not file a timely motion to reopen in compliance with the Court's Order, the dismissal will be with prejudice.  *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d

469, 471 (4th Cir. 1993) (stating that a district court is entitled to "dismiss the plaintiff's action without prejudice but with conditions that the plaintiff must satisfy, and to specify that the dismissal will become prejudicial if the plaintiff fails to satisfy the conditions," so long as the "district court's specification [is] explicit and clear").

Date:   April 5, 2013                        _____/s/_____
                                             Ellen Lipton Hollander
                                             United States District Judge